**IN THE UNTIED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BILLY R. WILLIAMS, | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | Civil Action No. 03-130 E |
| Plaintiff, | ) | |
| | ) | Honorable. Maurice B. Cohill, Jr. |
| v. | ) | |
| | ) | |
| PENNSYLVANIA STATE TROOPERS ASSOCIATION, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT
FILED BY PENNSYLVANIA STATE TROOPERS ASSOCIATION**

**AND NOW,** comes the Defendant, Pennsylvania State Troopers Association, by their attorney, Bryan Campbell, Esquire and files the following Answer and Affirmative Defenses to Amended Complaint of which the following is a statement thereof:

**Parties**

1. The averments of Paragraph 1 are admitted.

2. The averments of Paragraph 2 are admitted.

**Jurisdiction and Venue**

3. The averments of Paragraph 3 are admitted.

4. The averments of Paragraph 4 are admitted.

5. The averments of Paragraph 5 are admitted.

## COUNT I
## TITLE VII
## RACE DISCRIMINATION

6.  It is admitted that the PSTA is a labor organization with 15 or more members but it does not maintain a hiring hall and has not been certified as a representative under the National Labor Relations Act.

7.  The averments of Paragraph 7 are admitted.

8.  The averments of Paragraph 8 are admitted.

9.  The averments of Paragraph 9 are admitted.

10. Defendant denies the averments of Paragraph 10 and subparagraphs (a), (b), (c), (d), (e), (f), (g), (h) and (i). By way of further response:

   (a)   In particular, Plaintiff was not subjected to disparate treatment. Prior to the grievance hearings, Plaintiff indicated he wanted a court reporter present to have a transcript of the proceedings. He was informed by counsel for Defendant that court reporters and transcripts were only obtained by Defendant and the State Police in court martial cases. Court martial cases involve a suspension of thirty days or more, or involve a demotion. Plaintiff was told if he wanted a court reporter and a transcript he would have to pay all fees associated with using a reporter and obtaining transcripts. The cases involving the white employees named did not involve similar circumstances since they did not involve non-court martial grievances. Plaintiff's suspension was only for ten (10) days.

   (b)   Plaintiff was not denied fair representation as alleged. One witness, a Commonwealth witness, was on vacation. The testimony was on speakerphone and exhibits had been mailed to the witness for reference. The witness gave direct testimony and was cross-examined. The testimony of this witness resulted in no harm to Plaintiff since the final award, which set aside the ten (10) day suspension found Plaintiff to be more credible than any of his accusers on the issue of citation quotas that had been alleged.

        The second witness did not appear at the hearing so it was agreed that the witness would be deposed and the transcript would be made part of the record. Prior to the deposition the witness sought permission to testify by telephone. The witness was mailed necessary exhibits and gave direct testimony that was subject to cross-examination. The testimony of the witness resulted in no prejudice to Plaintiff since it was held not to be credible. It is denied that similar circumstances existed in grievances involving white employees as alleged.

(c)     Plaintiff was not denied fair representation as alleged. Defendant presented all relevant documentation and was not treated differently than white employees.

(d)     Admitted in part. Plaintiff was informed prior to the hearings that he would have to pay the cost of the arbitration transcript since his grievance involved a non-court martial hearing. Defendant incorporates by reference its answer to subparagraph (a) which fully sets forth the circumstances relating to use of a court reporter and obtaining a transcript. Plaintiff was not treated differently than similarly situated white employees.

(e)     It is denied that Sean T. Welby, Esquire filed said brief. The brief that was filed did not deny Plaintiff fair representation, on the contrary, the ten (10) day suspension was set aside.

(f)     It is denied Plaintiff was not afforded fair representation by Defendants not purchasing a copy of the arbitration transcript. Counsel for Plaintiff prepared the brief using 49 exhibits and 39 pages of hearing notes. Defendant did not pay for transcripts under the circumstances of a non-court martial grievance.

(g)     It is denied that the grievance proceedings were unduly delayed as alleged, or that plaintiff was treated differently than white employees.

(h)     The allegations of conflict of interest are denied. Said grievance was handled in an impartial and fair manner.

(i)     It is denied that Plaintiff was denied equal benefits as alleged and it is denied that white members are routinely given reimbursement under similar circumstances.

11. Defendant denies the averments of Paragraph 11.

12. Defendant denies the averments of Paragraph 12.

13. Defendant denies the averments of Paragraph 13.

14. Defendant denies the averments of Paragraph 14.

15. Defendant is without sufficient knowledge as to the truth of the averments of Paragraph 15 and is therefore denied and proof thereof is demanded at time of trial.

**WHEREFORE,** Defendant denies any liability to Plaintiff and seeks the imposition of attorney's fees and costs against Plaintiff.

### COUNT II
### TITLE VII
### RETALIATION

16. The averments of Paragraphs 1 through 15 are incorporation by reference herein as if same were set forth fully and at length.

17. Defendant is without sufficient knowledge as to the truth of the averments of Paragraph 17 and is therefore denied and proof thereof is demanded at time of trial.

18. Defendant denies the averments of Paragraph 18.

19. The averments of Paragraph 19 are admitted.

20. Defendant denies the averments of Paragraph 20 and subparagraphs (a), (b), (c), (d), (e), (f), (g), (h), and (i). By way of further response, Defendant incorporates by references its answers to Paragraph 10 and subparagraphs (a), (b), (c), (d), (e), (f), (g), (h), and (i) as though they were fully set forth herein.

21. Defendant denies the averments of Paragraph 21.

22. Defendant denies the averments of Paragraph 22.

23. Defendant denies the averments of Paragraph 23.

24. Defendant denies the averments of Paragraph 24.

**WHEREFORE**, Defendant denies any liability to Plaintiff and seeks the imposition of attorney's fees and costs against Plaintiff.

### COUNT III
### PHRA
### RACE DISCRIMINATION

25. Defendant incorporates by reference its answers to Paragraphs 1 through 24 as though the same were set forth herein at length and made a part hereof.

26. The averments of Paragraph 26 are admitted.

27. The averments of Paragraph 27 are admitted.

28. The averments of Paragraph 28 are admitted.

29. The averments of Paragraph 29 are admitted.

30. Defendant denies the averment of Paragraph 30 and subparagraphs (a), (b), (c), (d), (e), (f), (g), (h) and (i). By way of further response, Defendant incorporates by reference its answers to Paragraph 10 and subparagraphs (a), (b), (c), (d), (e), (f), (g), (h) and (i) as though they were fully set forth herein.

31. Defendant denies the averments of Paragraph 31.

32. Defendant denies the averments of Paragraph 32.

33. Defendant denies the averments of Paragraph 33.

34. Defendant denies the averments of Paragraph 34.

35. Defendant is without knowledge as to the averments of Paragraph 35 therefore said averments are denied and proof thereof demanded at the time of trial.

Wherefore, Defendant denies any liability to Plaintiff and seeks the imposition of attorney's fees and costs against Plaintiff.

### COUNT IV
### PHRA
### RETALIATION FOR PROTECTED ACTIVITY

36. Defendant incorporates by reference its answers to Paragraphs 1 through 35 as though said answers were fully set forth herein.

37. Defendant is without sufficient knowledge as to the truth of the averments of Paragraph 37 and is therefore denied and proof thereof is demanded at time of trial.

38. Defendant denies the averments of Paragraph 38.

39. The averments of Paragraph 39 are admitted.

40. Defendant denies the averments of Paragraph 40 and subparagraphs (a), (b), (c), (d), (e), (f), (g), (h), and (i). By way of further response, Defendant incorporates by reference its answers to Paragraph 10 and subparagraphs (a), (b), (c), (d), (e), (f), (g), (h) and (i) as though they were fully set forth herein.

41. Defendant denies the averments of Paragraph 41.

42. Defendant denies the averments of Paragraph 42.

43. Defendant denies the averments of Paragraph 43.

44. Defendant denies the averments of Paragraph 44.

Wherefore, Defendant denies any liability to Plaintiff and seeks the imposition of attorney's fees and costs against Plaintiff.

### AFFIRMATIVE DEFENSES

45. The Complaint fails to state a claim upon which relief can be granted for race discrimination and/or retaliation under Title VII of the Civil Rights Act of 1964 or the Pennsylvania Human Relations Act.

46. The Complaint is barred by the applicable statutes of limitations.

Wherefore, Defendant denies any liability to Plaintiff and seeks the imposition of attorney's fees and costs.

Respectfully submitted,

/s/ A. Bryan Campbell, Esquire
PA. I.D. 15079
220 Grant Street, 6th Floor
Pittsburgh, PA 15219
(412) 642-7667

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that a true and correct copy of the foregoing Answer and Affirmative Defenses to Amended Complaint was served on the 10th day of February, 2006, by first-class mail, postage prepaid upon:

Neal A. Sanders, Esquire
Law Offices of Neal A. Sanders
1924 N. Main Street Ext.
Butler, PA 16001

/s/ A. Bryan Campbell, Esquire